# UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| IN RE:  )<br>  )<br>PAVEL A. CHUKHRAY,  )<br>  )<br>Debtor.  )<br>  )<br>  )<br>  )<br>  )<br>  ) | Case No.: 21-03757<br>Chapter 11<br><br>Hon. A. Benjamin Goldgar<br><br>**Hearing Date:  April 15, 2024**<br>**Hearing Time: 9:30 a.m.** |

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that, on Monday, April 15, 2024, at 9:30 a.m., I will appear before the Honorable A. Benjamin Goldgar, or any judge sitting in that judge's place, **either** in Courtroom 642 of the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604, or electronically as described below, and present the **Debtor's Second Motion To Modify Confirmed Plan**, a copy of which is attached.

**Important:  Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government.  All others must appear in person.**

**To appear by video**, use this link: https://www.zoomgov.com/.  Then enter the meeting ID and password.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666.  Then enter the meeting ID and password.

**Meeting ID and password**.  The meeting ID for this hearing is 161 500 0972 and the password is 726993.  The meeting ID and password can also be found on the judge's page on the court's web site.

If you object to this motion and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

Dated: March 25, 2024                          Respectfully submitted,

                                             **PAVEL A. CHUKHRAY**

John F. Hiltz (No. 6289744)
Alex J. Whitt (No. 6315835)       By: /s/ John F. Hiltz
HILTZ ZANZIG & HEILIGMAN LLC          (One of his Attorneys)
53 West Jackson Blvd., Suite 1301
Chicago, Illinois 60604
Telephone: 312.566.9008
jhiltz@hzhlaw.com

# UNITED STATES BANKRUPTCY COURT FOR
# THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No.: 21-03757 |
| PAVEL A. CHUKHRAY, ) | Chapter 11 |
| ) | |
| Debtor. ) | |
| ) | Hon. A. Benjamin Goldgar |
| ) | |
| ) | |

## DEBTOR'S SECOND MOTION TO MODIFY CONFIRMED PLAN

Pursuant to 11 U.S.C. §1193(c), Pavel A. Chukhray ("Debtor"), by and through his undersigned counsel, hereby moves for entry of an order (the "Motion") modifying his confirmed chapter 11 plan. In further support of his Motion, Debtor states as follows:

### JURISDICTION

1. This Court has jurisdiction to hear this matter and enter a final order granting the relief requested herein pursuant to 28 U.S.C. §§ 157 and 1334, as well as Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois.

2. Venue of this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

### BACKGROUND

4. Debtor is an individual who, in 2002, immigrated to the United States from Ukraine. Debtor currently works in auto sales and financing, employed at Raymond Chevrolet.

5. In 2016, while also working in auto sales and finance, Debtor became the majority owner of RBK Development Inc. ("RBK"), a construction company that his father-in-

law had started. RBK provided services for a variety of residential and commercial builders in the greater Chicagoland area.

6. Unfortunately, Debtor and RBK endured a number of significant business setbacks in 2019 that ultimately necessitated Debtor's bankruptcy filing. The majority of Debtor's debts arose from personal guaranties and other debts related to the failure of RBK.

7. On March 23, 2021 (the "Petition Date"), Debtor filed a petition for relief under Chapter 11, Subchapter V, of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq* (the "Bankruptcy Code"). Matthew Brash is the duly appointed Subchapter V trustee (the "Trustee").

8. On July 29, 2021, the Debtor filed his Amended Chapter 11 Plan of Reorganization [Dkt. No. 88] (the "Confirmed Plan"), which this Court confirmed on November 29, 2021 [Dkt. No. 137] pursuant to 11 U.S.C. § 1191(b).

9. In relevant part, the Confirmed Plan provided as follows:

    a. The Confirmed Plan's term is 39 months. (Conf. Plan, p 2.)

    b. Plan payments are $8,729.76 per month. (*Id.*)

10. Under the Confirmed Plan, the Debtor was to pay a total of $340,460.76 (the "Base Amount").

11. During 2022, in the course of Debtor's employment in auto sales and financing, his employer saw a decrease in inventory. As a result, the Debtor's income was significantly reduced between 2021 and 2022. Accordingly, the Debtor brought a Motion to Modify Plan [Dkt. No. 166] on March 3, 2023.

12. On March 27, 2023, this Court entered an Order modifying the Confirmed Plan [Dkt. No. 168] as follows:

    a. Extending the term of the Confirmed Plan from 36 months to 60 months;

  b. Increasing the Base Amount to $345,460.78;

  c. Reducing the monthly payment from $8,729.76 to $1,000 until April 1, 2024; and

  d. Increasing the monthly payment to $6,213.06 from April 1, 2024, through the remainder of the plan term.

13. As of the date of this Motion, the Debtor has paid $126,486.88 to the Trustee.[1]

14. Debtor is current on all Plan payments through the date of this Motion.

15. During most of 2023, Debtor worked as an Uber and Lyft driver earning significantly less than he had working in auto sales and finance. On November 6, 2023, Debtor was able to obtain new employment at Raymond Chevrolet, where he is currently employed. Although his income is now higher than it was in 2023, it is still less than Debtor was making on the Petition Date. Debtor's recent paystub is attached hereto as **Exhibit A**.

16. As of the date of this Motion, the Debtor's average gross monthly income for 2024 is approximately $9,343.60.

17. Further, Debtor's spouse filed for divorce on January 3, 2024, resulting in additional legal expenses as well as a decrease in household income caused by the divorce.

18. As a result, Debtor currently has a negative net monthly income. Amended Schedules I & J showing the Debtor's monthly income and expenses are attached hereto as **Exhibit B.**

---

[1] Because the Confirmed Plan was confirmed under 11 U.S.C. § 1191(b), the Trustee serves as the disbursing agent for the Debtor's plan payments, and therefore the Debtor makes plan payments to the Trustee.

19. As a result of the decreased income and increased expenses related to the divorce, as well as the loss of cooperation from his spouse, Debtor is unable to make the $6,213.06 monthly payment required by the Confirmed Plan as modified.

20. The Debtor's declaration in support of this Motion is attached hereto as **Exhibit C**.

## RELIEF REQUESTED

21. By this Motion, the Debtor seeks to modify his Confirmed Plan in the following ways:

    a. Decrease the plan term to a total of 36 months.

    b. Decrease the plan base to $126,486.88.

22. In connection with the modification of Ssubchapter V plans confirmed under Section 1191(b), such as the Debtor's Confirmed Plan here, the Bankruptcy Code provides as follows:

> If a plan has been confirmed under section 1191(b) of this title, the debtor may modify the plan at any time within 3 years, or such longer time not to exceed 5 years, as fixed by the court, but may not modify the plan so that the plan as modified fails to meet the requirements of section 1191(b) of this title. The plan as modified under this subsection becomes the plan only if circumstances warrant such modification and the court, after notice and a hearing, confirms such plan, as modified, under section 1191(b) of this title.

11 U.S.C. § 1193(c).

23. Here, the modification sought by the Debtor complies with 11 U.S.C. § 1191(b). Creditors will receive (and have received) more than they would in a Chapter 7 liquidation.

24. Debtor will have contributed all of his projected disposable income for three years into the Plan as required by §1191(c)(2)(a).

25. Accordingly, the Debtor respectfully submits the modification sought in this Motion does not discriminate unfairly between, and is fair and equitable to, each class of claims or interests in the case.

**NOTICE**

26. The Debtor has provided at least twenty-one (21) days' notice of this Motion to all parties who are currently listed to receive notice through the Court's CM/ECF system and to all other creditors by US Mail. The Debtor submits that notice is sufficient and any further notice may be waived.

**WHEREFORE**, Debtor respectfully requests the Court enter an Order (a) modifying the Debtor's Confirmed Plan to provide that the plan term is reduced to a total of 36 months; (b) modifying the base amount of the chapter 11 plan to $126,486.88; and (c) granting such other and further relief as this Court deems just.

Dated: March 25, 2024                             Respectfully submitted,

                                                        **PAVEL A. CHUKHRAY**

John F. Hiltz (No. 6289744)
Alex J. Whitt (No. 6315835)                     By: /s/ John F. Hiltz
HILTZ ZANZIG & HEILIGMAN LLC                        (One of his Attorneys)
53 West Jackson Blvd., Suite 1301
Chicago, Illinois 60604
Telephone: 312.566.9008
jhiltz@hzhlaw.com